```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KEVIN SANTOS,

                        Plaintiff,
                                                            MEMORANDUM & ORDER
            - against -                                         21-CV-2859

WILLIAM F. KEYSER, Superintendent,
Sullivan Correctional Facility,

                        Defendant.
-------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Petitioner Kevin Santos filed the present *pro se* petition for a writ of *habeas corpus* on May 20, 2021,[1] challenging his 2013 New York State conviction of murder in the second degree and burglary in the first degree. (Petition, Dkt. 1, at ECF 1.) The Court grants Petitioner's request to proceed *in forma pauperis* and denies Petitioner's request to stay the case without prejudice. Petitioner is hereby ordered to show cause within thirty (30) days of this Memorandum and Order why his petition should not be dismissed as time-barred.

## BACKGROUND

On June 20, 2013, Petitioner was convicted of the aforementioned crimes in New York State Supreme Court, Kings County. (*Id.* at 1.) On May 31, 2017, the Appellate Division affirmed the conviction. *People v. Santos*, 52 N.Y.S.3d 885 (Mem) (App. Div. 2017). On November 20,

---

[1] Under the "prison mailbox rule," a *pro se* inmate's *habeas corpus* petition is deemed to be filed on the date it is given to prison officials. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); *Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (extending the prison mailbox rule to federal *habeas corpus* petitions). Here, Petitioner alleges that he gave the petition to prison officials for mailing on May 15, 2021. (Petition, Dkt. 1, at ECF 4 (Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination).)

1

2017, the New York Court of Appeals denied leave to appeal. *People v. Santos*, 30 N.Y.3d 1022 (2017). Petitioner did not file a writ of *certiorari* to the United States Supreme Court. Subsequently, on a date not identified in the petition, Petitioner filed a state collateral attack on his convictions pursuant N.Y. C.P.L.R. § 440 ("§ 440 motion"). (Petition, Dkt. 1, at ECF 2.) The New York Supreme Court denied Petitioner's § 440 motion, and his collateral attack concluded on May 18, 2020, with the Appellate Division's denial of leave to appeal. (*Id.*)

## DISCUSSION

**I.      The One-Year AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), signed into law on April 24, 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "[T]he AEDPA limitations period specified in Section 2244(d)(1)(A) does not begin to run until the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or—if the

prisoner elects not to file a petition for certiorari—the time to seek direct review via certiorari has expired." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

The one-year statute of limitations period under AEDPA is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, for the one-year period to be statutorily tolled, the post-conviction or other collateral petition must be filed *within* the one-year period; a post-conviction motion does not revive or extend an already expired statute of limitations period under AEDPA. *See Evans v. Senkowski*, 228 F. Supp. 2d 254, 260 (E.D.N.Y. 2002) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). The one-year limitations period, however, is also subject to equitable (versus statutory) tolling, which may be applied when a petitioner has shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

**II.   Statutory Tolling**

The Petitioner does not allege, or provide facts that indicate, that subsections (B), (C), or (D) of Section 2244(d)(1) apply. Therefore, the relevant date for purposes of the statute of limitations is the date on which Petitioner's judgment of conviction became final.

Because Petitioner did not file a petition of *certiorari* to the United States Supreme Court, his conviction became final on February 19, 2018, ninety (90) days after the New York Court of Appeals affirmed his conviction. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Montalvo v. Lavalley*, No. 11-CV-05200 (NG), 2014 WL 6909513, at *5 (E.D.N.Y. Dec. 8, 2014); *Chrysler v. Guiney*, 14 F. Supp. 3d 418, 433 (S.D.N.Y. 2014) ("Pursuant to 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final only after the denial of *certiorari* or the expiration of time for seeking *certiorari*—in the latter case, ninety days after a decision by the New York Court of Appeals."

3

(internal quotation marks and citations omitted)). Thus, the one-year statute of limitations in which Plaintiff had to file his *habeas* petition under AEDPA started to run on February 19, 2018, which means that if it was not statutorily tolled, Plaintiff's filing of his *habeas* petition on May 15, 2021 was untimely.

On a date not identified in the petition, Petitioner filed a § 440 motion to vacate the judgment of conviction, which was denied by the New York Supreme Court on January 6, 2020, with leave to appeal denied on May 18, 2020. (Petition, Dkt. 1, at ECF 2.) At this time, the Court cannot determine if this collateral attack on Petitioner's conviction statutorily tolled the statute of limitations period because the Petitioner has not identified whether the § 440 motion was filed before or after February 19, 2019.

### III. Equitable Tolling

As discussed, the one-year statute of limitations under AEDPA can be tolled for equitable reasons when "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2561–62 (internal quotation marks omitted); *see also Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011). "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (summary order) ("The petitioner bears the burden of proving that equitable tolling is appropriate."). "The term 'extraordinary' does not refer to the uniqueness of the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with

4

AEDPA's limitations period.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231–32 (2d Cir. 2010) (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

Petitioner has not set forth any facts to demonstrate that he is entitled to equitable tolling. Thus, the Court cannot determine whether equitable tolling of the AEDPA statute of limitations is appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Petitioner is ordered to show cause within thirty (30) days of this Memorandum and Order why the petition should not be dismissed as time-barred by the AEDPA's one-year statute of limitations. Specifically, in his affirmation,[2] Petitioner must present any facts or evidence that would support either statutory or equitable tolling of the one-year limitations period. No response to the Petition shall be required from Respondent at this time, and all further proceedings shall be stayed for thirty (30) days for Petitioner to comply with this Memorandum and Order. If Petitioner fails to comply with this Memorandum and Order within the time allowed, the petition shall be dismissed as time-barred. 28 U.S.C.§ 2244(d).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 12, 2022
       Brooklyn, New York

---

[2] An affirmation form is attached to this Memorandum and Order for Petitioner's convenience.